EASTERN DIST.
January, 1835.

KIMBALL ET AL.
vs.
NICHOLSON.

established rate, to tow the vessels into the port of New-Orleans, is binding, when such custom has only prevailed five or six years among those having an interest in establishing it.

---

### KIMBALL & LILLY vs. NICHOLSON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the decision of a case depends wholly on matters of fact, and when, on an examination of the testimony, it warrants the verdict of the jury, the judgment rendered thereon will not be disturbed.

This was an action to recover damages against the defendant, for the loss by fire of the steam-boat Saratoga, while in the custody of the defendant. The plaintiffs allege the boat was destroyed through the negligence, carelessness and fault of the defendant, for which he is personally liable.

The defendant pleaded a general denial, and that said boat had been legally seized under a writ of seizure, from

the United States District Court, and was at the time of her accidental loss by fire, in his custody as marshal of the United States; and that said accident happened without his fault, for which he is not liable.

On these issues and pleadings the parties went to trial; a mass of testimony was taken, and the whole case submitted to a jury, who returned a verdict for the defendant. The plaintiffs appealed from the judgment confirming the verdict.

*I. W. Smith,* for the plaintiffs and appellants.

*Conrad,* contra.

*Mathews, J.,* delivered the opinion of the court.

This is a suit against the defendant, who is marshal of the United States, for the Eastern District of the State of Louisiana, in which damages are claimed from him, on allegations of negligence and misconduct, in keeping and guarding the steam-boat Saratoga, (of which the plaintiffs were owners) whilst in his custody under seizure, by order of the District Court of the United States, &c.; the boat having been consumed by fire during that period.

The cause was submitted to a jury in the court below, who found a verdict for the defendant, and judgment being thereon rendered, the plaintiffs appealed.

The decision of the case depends wholly on matters of fact. We have examined the testimony, and are of opinion that it warrants the verdict and judgment of the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Where the decision of a case depends wholly on matters of fact, and when, on an examination of the testimony, it warrants the verdict of the jury, the judgment rendered thereon, will not be disturbed.*